

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA   )
                           )
v.                         )   Criminal No. 3:09cr418–HEH
                           )
JOSEPH R. ROACH,           )
                           )
    Petitioner.            )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion in Part;
Ordering Additional Documents)

Joseph R. Roach, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (Dk. No. 69.) The Government filed its response. Roach has replied. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Beginning in or about August, 2009, and continuing until on or about September 29, 2009, Roach, along with Cordarrell Johnson and Kenneth Reed, conspired to obstruct, delay, and affect commerce by robbery. On or about September 18, 2009, Roach and his co-conspirators robbed the Virginia Commonwealth Bank in Colonial Heights, Virginia. During the course of this robbery Roach brandished a firearm while demanding money. Before leaving the Virginia Commonwealth Bank, Roach struck one of his victims in the head with a firearm.

On September 25, 2009, Roach and his co-conspirators robbed the Candlewood Suites Hotel in Hopewell, Virginia. During this robbery Roach brandished a firearm

while demanding money. Sometime between September 25 and September 28, 2009, Roach and his co-conspirators robbed the Holiday Inn Express in Petersburg, Virginia. During that robbery, Roach brandished a firearm and demanded money. Thereafter, "[Roach] and others, without authorization, did illegally use and facilitate the illegal use of access devices stolen during the robbery of the Holiday Inn Express earlier that day." (Statement of Facts ¶ 8.)

On September 28, 2009, Roach and his co-conspirators bought two masks to use in a planned robbery of the M&T Bank in Richmond, Virginia. The team also stole two vehicles, a Nissan Altima and a Nissan Maxima,[1] which they planned to use in the robbery. Roach then participated in the actually robbery of the M&T Bank during which he brandished a firearm while demanding money. After the robbery, Roach and company fled the bank in the stolen Maxima, then "switch[ed] into the stolen Suburban for the purpose of evading authorities, and then [fled] from authorities in [the Suburban] at a high rate of speed." (Statement of Facts ¶ 13.)

On December 1, 2009, a Grand Jury returned an indictment charging Roach with robbery of the M&T Bank in violation of 18 U.S.C. §§ 2213(a) & (d) and brandishing a firearm during that robbery. (Indictment (Dk. No. 14) 1–2.) On January 19, 2010, a Grand Jury returned a superseding indictment charging Roach with nine counts. Pursuant to the Plea Agreement, Roach pled guilty to the following three counts of the Superseding Indictment: (Count One) conspiracy to interfere with commerce by robbing

---

[1] Additionally, in August of 2009, they stole a Chevy Suburban. (Statement of Facts ¶ 4.)

Virginia Commonwealth Bank, Candlewood Suites, Holiday Inn Express, and M&T Bank; (Count Three) possessing and brandishing a firearm in furtherance of a crime of violence, to wit: the robbery of the Virginia Commonwealth Bank; and (Count Nine) possessing and brandishing a firearm in furtherance of a crime of violence, to wit: the robbery of the M&T Bank. (Superseding Indictment (Dk. No. 37) 1–6, 9.) On June 2, 2010, the Court, upon a motion of the Government, dismissed the original Indictment and Counts Two, Four, Five, Six, Seven, and Eight of the Superseding Indictment. The Court then sentenced Roach to 454 months of imprisonment. Roach did not appeal. Rather, Roach timely filed the instant § 2255 Motion, making the following claims:

| | |
|---|---|
| Claim One | The Government violated Roach's Fifth Amendment[2] right to protection against double jeopardy when the Government failed to dismiss the original Indictment prior to charging Roach with the Superseding Indictment. |
| Claim Two | Because the Government never dismissed the original Indictment, the Superseding Indictment was "void and insufficient." (§ 2255 Mot. 6.)[3] |
| Claim Three | The Court over-sentenced Roach by 24 months on Count Three. |
| Claim Four | (a) In violation of his Sixth Amendment[4] right, Roach's counsel failed to file an appeal. |

---

[2] No person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

[3] The Court has corrected capitalization in citations to the § 2255 Motion. In addition, the § 2255 Motion contains an unnumbered page between pages 9 and 10. The Court will refer to this unnumbered page as page 9a.

[4] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

3

| | |
|---|---|
| | (b) Counsel deficiently failed to challenge the original Indictment on the ground that "the bank was not FDIC insured and that is why [count] was changed to (1951) [affecting] commerce." (*Id.* at 9.) |
| Claim Five | "Withdrawl [sic] of plea to ct:9/cruel and unusual punishment." (*Id.* at 9a.) |

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Due to the nature of Roach's claims, it is appropriate for the Court to discuss Claim Four prior to addressing Claims One through Three and Five. In Claim Four, Roach asserts that counsel performed deficiently by (a) failing to file an appeal and (b) failing to challenge the original Indictment. To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel

claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Claim Four (a)

In Claim Four (a), Roach states that "counsel fail'd [sic] to appeal petitioners sentence under direct and raise the issues that petitioner is setting forth [in the § 2255 Motion]." (§ 2255 Mot. 9.) An attorney's failure to file a requested appeal is *per se* ineffective assistance of counsel.[5] *See Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000). The United States Court of Appeals for the Fourth Circuit holds that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests."[6] *Poindexter*, 492 F.3d at 273. The Fourth Circuit instructs that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." *Id.* at 272. Here, however, Roach does not assert that he

---

[5] The Court notes that a split of authority exists respecting whether a lawyer is *per se* ineffective when the lawyer fails to file a notice of appeal despite his client's wishes, even when the defendant has waived his right to appeal and has no meritorious issues to raise. The United States Court of Appeals for the Seventh Circuit departs from the majority of circuits, and holds that counsel is not *per* se ineffective for honoring a client's written waiver of appeal instead of the client's later oral instruction to appeal. *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008). Despite this contrary precedent from a different circuit, this Court adheres to the principles announced by the Fourth Circuit. *See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007).

[6] Roach waived his right to appeal in the Plea Agreement. (Plea Agreement (Dk. No. 45) ¶ 6.) The Fourth Circuit generally upholds the validity of appeal waivers entered into knowingly and voluntarily. *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (citing *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992).

5

requested counsel to file an appeal and that counsel failed to comply. Rather, Roach merely asserts that "counsel fail'd [sic] to appeal." (§ 2255 Mot. 9.) Thus, to properly adjudicate this claim, the Court will gather more information from Roach, counsel, and the Government. Accordingly, the Court will order that the record be expanded. The accompanying Order will include descriptions of all of documents required from Roach, his counsel, and the Government.

### B. Claim Four (b)

In Claim Four (b), Roach asserts that:

> Counselor along with the Gov't dicieved [sic] the petitioner with a false indictment in order to arrest and put in fear K. Reed [one of Roach's co-conspirators]. Counselor knew that under the first Indictment that the bank was not FDIC insured and that is why it was changed to (1951) aff [sic] commerce. Therefore all info abstracted from K. Reed was ill gained by a falsefied [sic] document.

(§ 2255 Mot. 9.) This claim lacks factual merit. In the first instance, as the Government correctly points out, the M&T Bank was FDIC insured at the time of the robbery.[7] (Answer 5). Thus, the original Indictment was not "false." (§ 2255 Mot. 9.) Second, the Government avers that:

> The robbery of the M&T Bank was charged in the Superseding Indictment under 18 U.S.C. § 1951 instead of under § 2113, not because of a perceived defect in the bank robbery charge, but to make the [Superseding] Indictment more streamlined. The original indictment involved a single robbery, of a bank. The Superseding Indictment involved the robbery of four commercial establishments, only two of which were

---

[7] The FDIC's website reflects that M&T Bank retained membership in the FDIC from its establishment in 1995 (FDIC Certification No. 34069) until July 1, 2011 when it changed its name and began doing business as Wilmington Trust. *See* Fed. Deposit Ins. Corp., *Bank Find*, http://www2.fdic.gov/idasp/main_bankfind.asp (last visited Mar. 27, 2012).

banks. The United States could not charge the robberies of the two non-banks under § 2113. It simply made more sense, then, to change the M&T count to § 1951, especially in light of the overarching conspiracy to rob all four establishments that was charged in Count One of the Superseding Indictment.

(Answer 5 n.1 (capitalization corrected).) Because Claim Four (b) lacks factual merit, Roach cannot show either deficiency or prejudice resulting from counsel's actions. Accordingly, Claim Four (b) will be dismissed.

### III. REMAINING CLAIMS LACKING FACTUAL MERIT

Roach's remaining claims all lack factual merit. Accordingly, they will be dismissed.

#### A. Claim One

In Claim One, Roach asserts that he was twice put in jeopardy for the same crime when the Government charged him with the Superseding Indictment before dismissing the original Indictment. Jeopardy attaches in a jury trial "when a jury is empaneled and sworn," *Baum v. Rushton*, 572 F.3d 198, 206 (4th Cir. 2009) (citing cases), "and in a bench trial when the judge begins to hear evidence." *United States v. Mobley*, Nos. 93-5765, 93-5873, 1994 WL 369507, at *1 (4th Cir. July 15, 1994) (citing *Serfass v. United States*, 420 U.S. 377, 388 (1975)); *Locklear v. Beck*, No. 1:07CV682, 2008 WL 4426167, at *3 (M.D.N.C. Sept. 24, 2008) (citing *United States v. Hawes*, 774 F. Supp. 965, 970 (E.D.N.C. 1991)). Here, the Grand Jury issued the Superseding Indictment prior to Roach's guilty plea. Roach then pled guilty to Counts One, Three, and Nine of the Superseding Indictment. Thus, because jeopardy never attached to Roach for any

charges in the original Indictment, Roach has no factual or legal basis for this claim. *Id.* Accordingly, Claim One will be dismissed.

B. **Claim Two**

In Claim Two, Roach states that "nowhere in this Docket . . . was [the original Indictment] ever dismissed by the U.S. Court which makes count[s] 8 and 9 of the [Superseding] Indictment void and insufficient." (§ 2255 Mot. 6 (citation omitted).) The Court begins by noting that, where an indictment never results in jeopardy attachment, nothing prevents the Government from re-indicting a defendant for the same crime. *See Locklear*, 2008 WL 4426167, at *3. Here, on June 2, 2010, the Court granted the Government's motion to dismiss the original Indictment. (Judgment (Docket No. 66) 1.) Accordingly, because it lacks factual merit, Claim Two will be dismissed.

C. **Claim Three**

In Claim Three, Roach asserts that the Court over-sentenced him by twenty-four months on Count Three.[8] Roach argues that 21 U.S.C. § 924(c) limits the amount of time Courts may sentence a defendant charged with using a firearm during a crime of violence to sixty months of imprisonment. (§ 2255 Mot. 8.) In its Answer, the Government correctly points out the statutory requirement that a defendant "convicted, not just of possession of [a] firearm in furtherance of a crime of violence, but also of brandishing the firearm during [a crime of violence]" (Answer 5) must "be sentenced to a term of

---

[8] The Court sentenced Roach to seventy (70) months on Count One, eighty-four (84) months on Count Three, and three hundred (300) months on Count Nine, all to be served consecutively. (Judgment 2.)

8

imprisonment of not less than 7 years [84 months]." 18 U.S.C. § 924(c)(1)(A)(ii).

Accordingly, because the Court correctly sentenced Roach on Count Three of the Superseding Indictment (brandishing a firearm in furtherance of a crime of violence) to eighty-four months of imprisonment, Claim Three will be dismissed.

### D. Claim Five

In Claim Five, Roach appears to argue that Count Nine of the Superseding Indictment improperly charged him with the robbery of the M&T Bank because that robbery was previously charged in Counts One and Three of the Superseding Indictment.[9] The Government correctly assesses Claim Five in its Answer:

> Other than [Roach's] desire to avoid the consequences of his criminal conduct, he offers nothing to support [Claim Five]. [Count One of the Superseding Indictment] covers only the four robberies, not the use and brandishing of firearms during and in relation to them. Thus, it fails to address all of the criminal conduct Roach committed or the depths of the terror he and his confederates imposed on the victims of his crime spree. The 924(c) offense charged in Count Three covers only the use and brandishing of a firearm during and in relation to one of the four robberies Roach committed, the September 18, 2009, robbery of the Virginia Commonwealth Bank. . . . Count Nine covers one more of [the robberies], the brandishing of . . . firearms during and in relation to the September 28, 2009, robbery of the M&T Bank.

(Answer 6–7.) Thus, the conduct charged in Count Nine of the Superseding Indictment (brandishing a firearm during the robbery of the M&T Bank) is distinct from the conduct charged in Counts One and Three of the Superseding Indictment. Accordingly, because it lacks factual and legal merit, Claim Five will be dismissed.

---

[9] District Courts are not required to "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

9

## IV. CONCLUSION

Claims One, Two, Three, Four (b) and Five will be dismissed. The record will be expanded to include the documents named in the accompanying Order.

An appropriate Order shall issue.

                                                     /s/
                                    HENRY E. HUDSON
Date: April 24 2012             UNITED STATES DISTRICT JUDGE
Richmond, Virginia